Dear Executive Director Kirkpatrick,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Did the Oklahoma Legislature through S.B. 1712 create the Commercial Pet Breeders Board as a new separate state agency with authority to act independently of the Oklahoma State Board of Veterinary Medical Examiners?
¶ 1 In 2010, the Oklahoma Legislature enacted S.B. 1712, (2010 Okla. Sess. Laws ch. 210, §§ 1-29, (codified at 59 O.S.Supp. 2010, §§ 5001[59-5001] — 5029)), the Oklahoma Commercial Pet Breeders Act ("Act"). The Act creates the Board of Commercial Pet Breeders ("Pet Breeders Board") comprised of eight members. Id. § 5004(A)(B). Three members are appointed by the Governor, one by the President Pro Tempore of the Senate and one by the Speaker of the House. Id. § 5004(B). The three remaining members are ex officio: the executive director of the Pet Breeders Board, the State Veterinarian and the President of the State Board of Veterinary Medical Examiners ("Veterinary Board"). Id. The executive director serves as a nonvoting member.Id. § 5004(B)(h).
¶ 2 The Pet Breeders Board has broad powers to enforce and administer the Act. Specifically, the Pet Breeders Board has the duty of adopting rules (id. § 5005(B)), setting minimum standards for the operation of commercial pet breeding facilities (id. § 5023(A)), issuing and renewing licenses to operators of facilities (id. §§ 5005(B)(1)-(3), 5015, 5018(A)), setting fees (id. § 5006), investigating violations of the Act (id. § 5012(C)), disciplining licensees (id. § 5025), inspecting (id. §§ 5012(A), 5014(A)), and contracting with other entities to assist the Board in enforcing the Act (id. §§ 5011, 5014(B)). The executive director has the authority to hire personnel (id. § 5007) and make disbursements from the Pet Breeders Enforcement Fund, a newly created revolving fund in the State Treasury. Id. § 5009. The executive director is authorized to make "disbursements necessary to implement the [Act], including disbursements for office expenses, equipment costs, and other necessary resources."Id. § 5008.
¶ 3 Your question is prompted by language in the Act stating that the Board shall enforce and administer the Act "under the authority of the State Board of Veterinary Medical Examiners."Id. §§ 5004(A), 5005. In effect, you ask whether such language renders the Pet Breeders Board a subordinate entity to the Veterinary Board, or whether the Pet Breeders Board is itself a state agency separate from the Veterinary Board.
¶ 4 In order to answer your question it is necessary to determine legislative intent. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute."Jackson v. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982). Moreover, legislative intent must be determined from the entire act.In re Blain, 172 P.2d 795, 799 (Okla. 1946).
 The Pet Breeders Board is a State Agency Pursuant to 74 O.S. 2001, § 3301[74-3301]
¶ 5 Title 74 O.S. 2001, §§ 3301[74-3301] — 3305 provides the manner in which state agencies are created. The Legislature has the sole authority to create an agency while it is in session. Id. § 3302. The Governor can create an agency by Executive Order when the Legislature is not in session. Id. § 3303. However, if the Legislature does not enact a law creating the agency during its next session the agency ceases to exist. Id. § 3305.
¶ 6 Section 3301 defines "agency" as "any board, commission department, authority, bureau, office or other entity created withauthority to make rules or formulate orders as defined in the Administrative Procedures Act." Id. (emphasis added). The Pet Breeders Board has authority to adopt rules (59 O.S.Supp. 2010, § 5005[59-5005](B)) and discipline licensees (id. § 5025), the latter of which necessarily implies the power to issue orders. As a result, by giving the Pet Breeders Board such authority, the Legislature has evinced its intent to create a state agency pursuant to 74 O.S. 2001, § 3301[74-3301].
 The Powers of the Pet Breeders Board Are Those of a State Agency
¶ 7 Even if 74 O.S. 2001, § 3301[74-3301] did not apply, the broad powers granted the Pet Breeders Board in the Act are consistent with those typically granted state agencies and show legislative intent to create an agency. However, one must still determine the relationship between the Pet Breeders Board and the Veterinary Board. In order to do so, it is necessary to examine legislative intent when the Act states that the Pet Breeders Board shall enforce and administer the act under theauthority of the Veterinary Board. 59 O.S.Supp. 2010, §§ 5004[59-5004](A), 5005.
¶ 8 The Legislature has used the expression, "under the authority of", in other statutes. In 59 O.S.Supp. 2010, § 567.17[59-567.17](B), the Legislature created peer assistance committees under the authority of
the Oklahoma Board of Nursing to assist in the rehabilitation of nurses who are dependent on drugs or alcohol. Similarly, the Legislature created allied peer assistance committees functioning under the authorityof the State Board of Medical Licensure and Supervision to assist in the treatment of medical professionals struggling with drug and alcohol dependence. See 59 O.S.Supp. 2010, § 518.1[59-518.1](A), (B). In both instances, the entities created are committees subordinate to their respective boards and have no powers independent of the board.
¶ 9 The Legislature also used the expression "under the authority of" in creating the Eastern Red Cedar Registry Board when it enacted the Eastern Red Cedar Initiative Act of 2010. See
2010 Okla. Sess. Laws ch. 454, §§ 2 — 9 (codified at 2 O.S.Supp. 2010, §§ 18-401[2-18-401] — 18-408). Title 2 O.S.Supp. 2010, § 18-403[2-18-403](A) states that the Eastern Red Cedar Registry Board "shall be under the authority of the State Board of Agriculture." Id. The Eastern Red Cedar Board provides a registry of eastern red cedars in Oklahoma and promotes the harvesting and use of the trees. Id. § 18-402. Although the Eastern Red Cedar Registry Board is a "board," the Legislature gave it none of the powers and duties of a state agency. See id. §§ 18-401 — 18-408. It has no authority to adopt rules or issue orders. See id. The Department of Agriculture provides all administrative support including "support in marketing development and promotion, identification of financial resources and grants, and grant application submission."Id § 18-405. All monies in the Eastern Red Cedar Revolving Fund are budgeted and expended by the Board of Agriculture as directed by the Eastern Red Cedar Registry Board. Id § 18-407.
¶ 10 As a result, the Legislature has used the phrase "under the authority of" to describe the relationship between committees and their respective boards (peer assistance committees under the Nursing and Medical Licensure Boards), between a non state agency board and a state agency (the Eastern Red Cedar Registry Board and the Board of Agriculture) and between two state agencies (the Pet Breeders Board and the Veterinary Board). It is evident that the phrase "under the authority of" is not a term of art that alone determines the relationship between the entities. One must look to the actual grant of authority made to the entities in their respective enabling acts.
¶ 11 The powers granted the Veterinary Board with regard to the Pet Breeders Board in the Commercial Pet Breeders Act are narrow and limited. The Veterinary Board has the duty of appointing the executive director of the Pet Breeders Board, but only "upon the recommendation of the other seven members of the Pet Breeders Board." 59 O.S.Supp. 2010, § 5004[59-5004](B)(1)(h). The Veterinary Board may also recommend to the Governor that an appointed member of the Pet Breeders Board be removed "for misconduct, incompetence, neglect of duty, or any sufficient cause." Id. § 5004(D). Finally, the President of the Veterinary Board sits as a voting member on the Pet Breeders Board.Id. § 5004(B)(1)(g). The Act grants no other powers or duties to the Veterinary Board. As a result, the authority granted the Veterinary Board is limited to the duties specifically enumerated in the Act and does not render the Pet Breeders Board a subordinate entity of the Veterinary Board.
¶ 12 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Pursuant to 74 O.S. 2001, §§ 3301[74-3301] and 3302, the Oklahoma Legislature created a state agency, the Board of Commercial Pet Breeders, when it enacted the Commercial Pet Breeders Act (59 O.S.Supp. 2010, §§ 5001[59-5001] — 5029) and authorized the Board to adopt rules (id. § 5005(B)) and discipline licensees (id. § 5025).
 2. The powers granted the Commercial Pet Breeders Board in the Commercial Pet Breeders Act are those of a state agency. In contrast, the authority granted the State Board of Veterinary Medical Examiners is limited and clearly identified in the Act and does not render the Board of Commercial Pet Breeders Board a subordinate entity to the State Board of Veterinary Medical Examiners.
E. SCOTT PRUITT Oklahoma Attorney General
GRANT E. MOAK Assistant Attorney General *Page 1